IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>      **Plaintiff**<br><br>         **v.**<br><br>**RAY DUARTE**<br>      **Defendant** | **Criminal No. 05-15(JAG)** |

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
## RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.    Personal Background**

On January 19, 2005, Ray Duarte ("Duarte"), the defendant herein, was charged in a one-count Indictment with violation to Title 18 U.S.C. § 1029(a)(3).  In general defendant Duarte appears charged for knowingly, willfully and intentionally and with intent to defraud possessed counterfeit and/or unauthorized credit cards.

Subsequently, on February 28, 2005, defendant Duarte filed a written motion to enter a plea of guilty **as to Count One** (**Docket No. 23**) and on March 21, 2005, he filed a written consent to have the Fed.R.Crim.P., Rule 11 proceedings taken by a Magistrate-Judge (**Docket No. 25**).

The setting of the Change of Plea Hearing was referred to the undersigned (**Docket No. 24**). *United States v. Williams,* 23 F.3d 629 (2nd Cir.), *cert. denied,* 115 S.Ct. 641 (1994) (where defendant consented to the magistrate-judge taking his guilty plea to a felony, delegation to magistrate did not contravene Article III of the United States Constitution); *United States v. Ciapponi*, 77 F.2d 1247 (10th Cir. 1996).

The Change of Plea Hearing was held on March 21, 2005.

**II.    Consent to Proceed Before a Magistrate-Judge**

On March 21, 2005, while assisted by counsel and an interpreter, the defendant, by consent, appeared before me in order to change his previous not guilty plea, entered on January 19, 2005, to a plea of guilty **as to Count One**.  (*See* **Docket Nos. 16 and 26**.)

Criminal No. 05-15(JAG)                                                                                                    Page No. 2

In open court the defendant was questioned as to the purpose of the hearing being held. Rule 11(c); *United States v. Cotal-Crespo*, 47 F.3d 1, 5 (1st Cir. 1995) ("At a minimum, Rule 11 requires that court address defendant personally in open court . . ."). Upon confirming his intent to plead guilty, the defendant was advised of his right to have all proceedings, including the change of plea hearing, before a District Judge. Defendant was further given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and was advised of the possible penalties for committing perjury; and (c) his right to have the change of plea proceedings presided by a District Judge instead of a Magistrate-Judge.

In open court the defendant unequivocally reinstated his consent to have the change of plea hearing before this Magistrate-Judge (see **Docket Nos. 25 and 26**), a decision he had previously discussed with his counsel, with whom he states to be satisfied. *See* Rule 11(c)(5); *United States v. Dees,* 125 F.3d 261 (5th Cir. 1996);*United States v. Ciapponi*. 77 F.3d at 1250 (10th Cir. 1996) (magistrate-judge may conduct felony plea proceeding with defendant's express consent);*United States v. Williams*, 23 F.3d 629 (2nd Cir. 1994); *United States v. Bryson*, 981 F.2d 720 (4th Cir. 1992) (consent to proceed before United States magistrate-judge must be clear, unequivocal and unambiguous); *United States v. Khan*, 774 F.Supp. 748 (E.D.N.Y. 1991) (taking of guilty pleas may be referred to United States magistrate-judges upon consent of defendant and referred is valid even if United States Attorney does not consent to referral). *See also United States v. Dees*, 125 F.3d 261 (5th Cir. 1997).

**III.    Proceedings Under Rule 11, Fed.R.Crim.P.**

   **A.  Compliance With Requirements Rule 11(c)(1)**

Defendant was advised of the nature of all offenses for which he was being charged. More so, of the charges and allegations contained in **Count One,** the offense to which he is pleading guilty.

To this Magistrate-Judge's detailed and specific questioning, **defendant Duarte admitted that he knowingly and unlawfully possessed ninety (90) counterfeit credit cards.** *See United States v. Martínez-Martínez*, 69 F.3d 1215, 1220 (1st Cir.1995) (court's personal examination of defendant

required to ensure defendant's understanding of charges against him) (citing *United States v. Martínez-Molina*, 64 F.3d 719 (1st Cir. 1995)).

**In response to further questioning, defendant explained he understood that if convicted as charged in Count One of the Indictment he was exposed to a possible maximum term of ten (10) years of imprisonment, and/or fined in the amount of two hundred fifty thousand dollars ($250,000.00) and that a supervised release term of not more than three (3) years could be imposed. Defendant acknowledged that he was to pay a monetary assessment fee in the amount of $100.00 (18 U.S.C. §§ 3583 and 5033).**

Defendant was advised that sentence was a matter solely for the Court to decide and warned that if, in the Court's discretion, the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea.

Defendant was explained what a monetary assessment fee and supervised release term constitute. As well, he was advised that in passing sentence the Court had to consider the criteria fixed by the sentencing guidelines; the factors to be considered under such guidelines; the fact that the Court could abide by the recommended sentencing range or depart from that range, provided that findings were made; and that, in doing so, the Court could and would consider all relevant facts outlined by the defense, the prosecutor and the probation officer.

Emphasis was made on the fact that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant was further advised that any sentencing guideline computation and/or sentencing recommendation was only a recommendation to the Court. Defendant affirmed that no promises, threats or predictions as to what sentence will be imposed have been made.

### B. Admonishment of Constitutional Rights

Counsel for defendant stated having advised defendant of his constitutional rights. Defendant agreed with counsel's statements and assured that he had understood his explanation.

Criminal No. 05-15(JAG)                                                                                                                Page No. 4

To assure defendant's comprehension and full awareness of his rights, defendant was advised of his right to:

1. Remain silent and be presumed innocent, inasmuch as it is the government who has the burden of proving **all** elements of the offense charged.

2. Testify or not to testify at trial, inasmuch as no adverse inference could be drawn from his decision not to testify.

3. A speedy trial before a District Judge and a Jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, challenge the government's evidence, the circumstances surrounding his arrest and the voluntariness and admissibility of any statement he might have given.

4. Have a verdict rendered by an unanimous jury which subjected the government to the burden of convincing twelve persons of defendant's guilt beyond reasonable doubt by means of competent evidence.

5. Use the subpoena power of the Court to compel the attendance of witnesses, location and production of identifiable evidence he could use on his behalf.

6. Be assisted and remain assisted by counsel throughout all stages of the proceedings, including trial and sentencing.

Upon listening to defendant's particularized responses, observing his demeanor and corroborating with counsel, that to the best of counsel's belief defendant had fully understood his rights as explained to him prior to the hearing, it is determined that defendant is fully cognizant of his constitutional rights, which he stated he had understood and previously discussed with counsel. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (due process requires that guilty plea amount to voluntary relinquishment of known right) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Defendant was given the opportunity to seek further clarification, if needed, from either counsel or this Magistrate-Judge. Defendant declined said opportunity asserting he fully understood his constitutional rights. (*See* Rule 11(c)(2) and (3).)

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the Court, he will be giving up (waiving) his right to:

1. Remain silent inasmuch as he would be called to state for the record why he considered himself guilty and respond to the Court's questions regarding the elements of the offense charged.

2. See and cross-examine the government witnesses inasmuch as the Court was to examine the government's proffer to pass upon the sufficiency of the government's evidence but no witnesses were to be called for him to cross-examine.

3. Present evidence on his behalf and be presumed innocent and that he was to be adjudged guilty based upon his admissions.

4. Challenge the government's evidence or petition the Court to have all or some of the government's evidence suppressed or excluded.

**Considering that defendant is an alien, citizen of the Dominican Republic, he was advised of the possible administrative consequences (before the U.S. Immigration & Naturalization Service) that this conviction may entail.**

Furthermore, defendant Duarte was re-admonished of the fact that by pleading guilty he was not to be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if under any kind of supervision (probation, parole or supervised release) that privilege could be revoked and he could be required to serve an additional term of imprisonment.

To specific questions of this Magistrate-Judge, defendant acknowledged that the decision of pleading guilty is one he has pondered for quite some time and that he authorized his attorney to engage in plea bargaining negotiations after having examined the government's evidence against him and having discussed with counsel his legal options and sentencing alternatives as well.

Being fully satisfied that defendant was fully aware of the nature of the charges pending against him, the minimum and maximum penalties prescribed by law, his constitutional rights and the consequences of him waiving these rights, we consider his plea one that is voluntary, knowingly and intelligently made.

**D. Plea Agreement**

**There is no plea agreement. Inasmuch as defense attorney anticipates that defendant may be entitled to a three-point reduction for acceptance of responsibility (§ 3E1.1), defendant was advised that:**

1. **There being no plea agreement or sentencing recommendation being made to the sentencing court, the Court was free to impose any sentence, up to the maximum statutory term.**

2. **That any credit towards his sentence he could have heard of or be expecting, was subjected to the analysis, review and recommendation of the U.S. Probation Office. That even in spite of a favorable recommendation from the government, defense attorney or U.S. Probation Office, the Court retained ample and full discretion to adopt or reject any sentencing recommendation.**

Defendant acknowledged having understood this explanation.

**E. Government's Evidence (Basis in Fact)**

The government presented, as described in the Indictment, a proffer of its evidence with which the defendant concurred.

Counsel for defendant clearly asserted having received full discovery from the government and being in full agreement with the government's proffer inasmuch as he had no evidence to rebut the same. Defendant further verified having discussed said version with his attorney prior to this hearing. **Defendant Duarte admitted, as alleged by the government, that on or about December 23,**

2004, he arrived at the Luis Muñoz Marín International Airport aboard American Airlines Flight No.314. He was traveling from the Dominican Republic to St. Maarten, Netherland Antilles. U.S. Customs and Border Protection Officers conducted a secondary inspection of defendant's suitcase wherein they found 90 counterfeit credit cards. After being advised of his Miranda rights, U.S. Secret Service agents interviewed the defendant who admitted that he knew the credit cards were counterfeit and illegal. Defendant acknowledged that among the government's evidence are testimonies of witnesses, federal agents and a document analyst. Also, there is the physical and documentary evidence, such as the counterfeit credit cards and defendant's statements.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged. *See United States v. Martínez-Martínez*, 69 F.3d at 1220 (defendant's admission to government's statement of facts sufficient to ensure defendant's understanding of charges); Rule 11(f) Fed.R.Crim.P.

**F. Voluntariness**

Throughout the proceedings defendant Duarte stated that he understood his rights and recognized he had illegally possessed counterfeit credit cards.

He accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (voluntariness or absence of coercion is one of "core concerns" of Rule 11 procedures).

Defendant clarified and stated for the record he had had ample opportunity to discuss his case with his counsel who had explained to him the nature of the charges, the possible maximum penalties, his constitutional rights and consequences of his plea. Defendant was given and declined an additional opportunity to consult any other matter with his counsel prior to entering his plea.

Defendant stated he was satisfied with the legal services provided by his counsel.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Fed.R.Crim.P., and has entered a plea of guilty to **Count One** of the Indictment charging a violation to 18 U.S.C. § 1029(a)(3).

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, it is determined that the defendant (a) is competent to enter this plea and is fully oriented as to time, space and person; (b) is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries; (c) understands that the charges are supported by the government's evidence; (d) has admitted to every element of the offense charged; and (e) has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. *See*, *United States v. Isom*, 85 F.3d 831, 835 (1st Cir. 1996) (core concerns of Rule 11 proceedings are: 1) absence of coercion; 2) the defendant's understanding of the charges; and 3) defendant's knowledge of the consequences of the guilty plea.

Therefore, it is **RECOMMENDED** that this Court accept defendant's guilty plea as to **Count One** of the Indictment and that he be adjudged guilty and have sentence imposed accordingly.

**A presentence investigation report was ordered (Docket No. 26). Defendant was notified, in open court, that the sentencing date would be set by the sentencing court.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete,* 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer

entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 30th day of March, 2005.

                                                                       S/**AIDA M. DELGADO-COLON**
                                                                       **U.S. Magistrate-Judge**